UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OTIS MILLER,

    Plaintiff,

v.                                        CASE NO.: 5:20-cv-323-WWB-PRL

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff Otis Miller, by and through the undersigned counsel, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, hereby moves this honorable Court for the entry of an Order striking nine (9) affirmative defenses contained in Defendants Lingo and Petersilge's Answer [ECF No. 91], and in support thereof states as follows:

**STANDARD**

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* A motion to strike an affirmative defense are usually denied unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Federal

Rule of Civil Procedure 8. *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-cv-1745-T-30MAP, 2015 U.S. Dist. LEXIS 115448, at *2 (M.D. Fla. Aug. 31, 2015). Rule 8 "requires a defendant to provide fair notice of the nature of its defenses and the grounds upon which they rest." *FDIC v. Dodson*, No. 4:13-cv-416-MW-CAS, 2014 U.S. Dist. LEXIS 4 187249, at *18 (N.D. Fla. 2014). To be stricken, an affirmative defense must be insufficient as a matter of law. *Nobles*, 2015 U.S. Dist. LEXIS 115448, at *2. A defense is insufficient if it is "patently frivolous," or "clearly invalid as a matter of law." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). Additionally, the Court has broad discretion when considering a motion to strike under Rule 12(f). *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1322 (S.D. Fla. 2005).

## BACKGROUND [1]

Plaintiff is a disabled inmate incarcerated in Defendant Florida Department of Corrections' ("FDC") prison system. On July 8, 2019, Plaintiff was attacked and savagely beaten by multiple correctional officers, including the Individual Defendants, which resulted in substantial injury to the Plaintiff. During the beating, Plaintiff was completely helpless against his attackers, as he was handcuffed and in leg restraints. This action arises out the vicious beating that occurred on July 8, 2019,

---

[1] In this motion, Defendant Lingo and Defendant Petersilge are collectively and interchangeably referred to as "Defendants" or "Defendants Lingo and Petersilge."

in which Plaintiff has sued the Individual Defendants (including Defendants Lingo and Petersilge) for their use of excessive force on Plaintiff in violation of the Eighth Amendment (Count I), and FDC for discriminating against him on the basis of disability in violation of the ADA and RA (Counts II and III). *See* Second Amended Complaint [ECF No. 75] ("SAC"). Defendants subsequently filed an answer to the SAC, which contains twenty-three affirmative defenses. *See* ECF No. 91.

Herein, Plaintiff seeks to strike the Third, Fourth, Eighth, Seventeenth, Nineteenth, Twentieth, Twenty First, and Twenty Second affirmative defenses, as well as the final defense labeled "Further Defenses," asserted in Defendants Lingo and Petersilge's Answer. *Id.* at 6-11. These affirmative defenses are restated below:

### THIRD DEFENSE

Plaintiff's claims of disability discrimination are barred, in whole or in part, because he failed to exhaust his administrative remedies, whether formal, informal, statutory or internal, per the Prison Litigation Reform Act and otherwise, and this action should be dismissed.

### FOURTH DEFENSE

The Defendants incorporate by reference the provisions and defenses provided for in §760.11, Florida Statutes, including but not limited to the applicability of any statutory damage caps, the statute of limitations, and the requisite pre-suit notice conditions precedent. To the extent that the Plaintiff's claims are not subject to the limited waiver set forth in that statute, the Defendants assert their defense that they are sovereignly immune and the Plaintiff's claims should be dismissed.

### EIGHTH DEFENSE

All actions taken by Defendants were based on legitimate non-discriminatory and non-retaliatory reasons, which were not pretextual.

### SEVENTEENTH DEFENSE

Plaintiff's claims for monetary damages under the ADA are barred under the Eleventh Amendment through the doctrine of sovereign immunity.

### NINETEENTH DEFENSE

The Defendants incorporate by reference the provisions and defenses provided for in §768.28, Florida Statutes, including but not limited to the applicability of any statutory damage caps, the statute of limitations, and the requisite pre-suit notice conditions precedent. To the extent that the Plaintiff's claims are not subject to the limited waiver set forth in that statute, the Defendants assert its affirmative defense that it is sovereignly immune and the Plaintiff's claims should be dismissed.

### TWENTIETH DEFENSE

The Plaintiff is not a qualified individual with a disability under the Americans with Disabilities Act (ADA), as he was not subject to intentional discrimination and/or deliberate indifference.

### TWENTY FIRST DEFENSE

The Plaintiff was not denied any benefit of services, programs or activities, and he has not sufficiently established any particular service or medical treatment that he was denied.

### TWENTY SECOND DEFENSE

The Plaintiff was not denied any any services or programs that were denied with a "discriminatory intent" or with "deliberate indifference."

### FURTHER DEFENSES

Defendants would adopt all defenses and affirmative defenses asserted by the other Defendants in this case, as if fully set forth herein.

*Id.*

# ARGUMENT

### A. *Defenses Directed at Plaintiff's Disability Discrimination Claims*

Defendants' third, eighth, seventeenth, twentieth, twenty first, and twenty second affirmative defenses are all directed at Plaintiff's disability discrimination (*i.e.*, ADA and RA) claims against Defendant FDC. *See* ECF No. 91 at 6, 8, 9, 10; *c.f.* SAC [ECF No. 75]. Plaintiff has sued Defendants Lingo and Petersilge for using excessive force on him in violation of the Eighth Amendment. *See* SAC [ECF No. 75] at 12-13 (Count I). No claim is asserted against Defendants Lingo and Petersilge for disability discrimination under the ADA and RA; those claims are asserted only against FDC. In fact, Defendants Lingo and Petersilge acknowledge in their Answer (and correctly so) that Plaintiff's ADA and RA claims are "not directed to nor seek to impose liability against Defendants Lingo and Petersilge." ECF No. 91 at 5-6. Thus, any defense from Defendant Lingo and Petersilge that purports to defeat Plaintiff's disability discrimination is insufficient as a matter of law. *See PK Studios, Inc. v. R.L.R. Invs., LLC*, No. 2:15-cv-389-FtM-99CM, 2016 U.S. Dist. LEXIS 116057, at *9-10 (M.D. Fla. Aug. 30, 2016) (striking affirmative defenses that were directed at claims not asserted against that particular defendant); *see also Baltzell v. Arnold*, No. 3:14-CV-2831-L, 2015 U.S. Dist. LEXIS 11083, 2015 WL 356901, at *4 (N.D. Tex. Jan. 27, 2015) (finding no "legal basis that allows [a defendant] to assert an affirmative defense to a claim not asserted against it").

To be sure, striking these affirmative defenses makes practical sense. *See Kmart Corp. v. Uniden Am. Corp.*, 318 B.R. 409, 414 (Bankr. N.D. Ill. 2004) ("The sufficiency of [a] defense turns, at least in part, on the substance of the cause of action it seeks to defeat."). Although Plaintiff's claims arise out of the same incident and involve a similar set of facts and circumstances, Plaintiff's claims nonetheless carry different legal elements and standards. As a result, facts that are material to Plaintiff's disability discrimination claims are wholly immaterial, and even irrelevant, to Plaintiff's excessive force claim against Lingo and Petersilge, and vice versa. For example, Defendants Lingo and Petersilge cannot defeat the excessive force claim against them by establishing (a) that Plaintiff failed to administratively exhaust his disability discrimination claims; (b) that Defendants actions were not pretextual[2] or non-discriminatory; (c) that Plaintiff's claims for monetary damages under the ADA are barred by the doctrine of sovereign immunity; (d) that Plaintiff was not a qualified individual with a disability; or (e) that Plaintiff was not denied any service or activity with discriminatory intent. *See* ECF No. 91 at 6, 8, 9, 10 (Third, Eighth, Seventeenth, Twentieth, Twenty First, and Twenty Second Affirmative Defenses). Conversely, FDC cannot defeat Plaintiff's excessive force

---

[2] Notably, the question of whether an action was "pretextual" is an issue that arises in adverse employment actions. Clearly, this case does not involve an employer-employee relationship that could form the basis of an employment discrimination case. Therefore, not only is the issue of "pretext" wholly irrelevant to Plaintiff's Eighth Amendment excessive force case against the Defendants, but it is also inapplicable to Plaintiff's disability discrimination claims against FDC.

claim by proving the force used by Lingo and Petersilge was not excessive. Therefore, even if FDC defeated the disability discrimination claims, Plaintiff's excessive force claim against Defendants Lingo and Petersilge would remain.

To put it plainly, any defenses asserted by Defendants Lingo and Petersilge which purports to defeat Plaintiff's ADA and RA claims are legally insufficient because such defenses are inapplicable to and cannot defeat Plaintiff's excessive force claim (i.e., the only claim asserted against Defendants Lingo and Petersilge). *See Pressman v. Publix Supermarkets, Inc.*, No. 06-61350-CIV-DIMITROULEAS, 2006 U.S. Dist. LEXIS 102831, at *2 (S.D. Fla. Dec. 19, 2006) ("An affirmative defense should be stricken [as legally insufficient] if it is impossible for Defendants to prove a set of facts [in support of the affirmative defense] that would defeat the complaint.") (internal citation omitted); *accord Kmart Corp.*, 318 B.R. at 414.

Accordingly, because Plaintiff's disability discrimination claims (Counts II and III) are asserted only against FDC, not against Defendants Lingo and Petersilge, Defendants' third, eighth, seventeenth, twentieth, twenty first, and twenty second affirmative defenses should be stricken with prejudice as immaterial, impertinent and/or legally insufficient.[3]

---

[3] Defendants' twentieth, twenty first, and twenty second affirmative defenses should be stricken for the additional reason that they merely deny Plaintiff's ADA allegations or otherwise allege defects in Plaintiff's prima facie case under the ADA. In other words, they are "general" defenses properly raised in a Rule 12(b) motion, not "affirmative" defenses to be asserted in a responsive pleading. *See Roth v. Nationstar Mortg., LLC*, No. 2:15-cv-783-FtM-29MRM, 2016 U.S. Dist. LEXIS 168025, at *7 (M.D. Fla. Dec. 6, 2016) (striking defenses that are "general" defenses,

7

### B. *Defendants' Fourth and Nineteenth Affirmative Defenses*

Defendants' fourth and nineteenth affirmative defenses incorporate by reference and assert defenses arising under certain provisions of the Florida Statutes. Plaintiff has not alleged claims under Florida law against any defendant, much less Defendants Lingo and Petersilge. Indeed, each of Plaintiff's three claims arise under Federal statutory and constitutional law. Accordingly, Florida Statute § 760.11 and Florida Statute § 768.28—the two provisions cited by Defendants and incorporated by reference into their fourth and nineteenth defenses, respectively—have no applicability or possible relation to Plaintiff's Eighth Amendment claim against those Defendants, nor the ADA and RA claims against FDC. Moreover, both Florida Statute sections cited in Defendants' fourth and nineteenth affirmative defenses are inapplicable for the additional reason that neither section relates to subject matter of Plaintiff's claims in any way. For example, § 760.11 relates to discrimination in the employment context, whereas § 768.28 concerns the State's waiver of sovereign immunity in tort/negligence actions. Therefore, Defendants' fourth and nineteenth defenses fail as a matter of law and should be stricken with prejudice as immaterial, impertinent, and/or legally insufficient.

---

which are properly raised in a Rule 12(b) motion, not "affirmative" defenses, which are properly asserted in a responsive pleading).

### C. "Further Defenses"

Defendants conclude their Answer with a catch-all affirmative defense titled, "Further Defenses," which adopts and incorporates by reference "all defenses and affirmative defenses asserted by other Defendants in this matter," as well a reservation of rights to amend and add additional defenses. ECF No. 91 at 11. However, Defendants fail to provide any factual support or legal authority for the applicability of these "Further Defenses." Consequently, Defendants' "Further Defenses" are vague, ambiguous, and legally insufficient. *See Bowes v. Haymore*, No. 13-14304-CIV-GRAHAM/LYNCH, 2014 U.S. Dist. LEXIS 202692, at *19-20 (S.D. Fla. Jul. 8, 2014); *see also Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-cv-20079-SINGHAL/Louis, 2020 U.S. Dist. LEXIS 246291, at *21 (S.D. Fla. Nov. 4, 2020); *In re Mission Bay Ski & Bike, Inc.*, 2009 Bankr. LEXIS 2495, 2009 WL 2913438, at *5 (Bankr. N.D. Ill. Sept. 9, 2009) ("A reservation of unpled defenses is not a defense of any kind, much less an affirmative one."). Moreover, Defendants' attempt to reserve any and all defenses not asserted in their case, as well as those asserted by co-defendants, is an impermissible manner of pleading and is in derogation of Federal Rule of Procedure 8. *See Bowes*, 2014 U.S. Dist. LEXIS 202692, at *20. Accordingly, Defendants' "Further Defenses," including the reservation of unpled defenses, should be stricken with prejudice.

WHEREFORE, for the reasons above, Plaintiff respectfully request that this Court strike the Third, Fourth, Eighth, Seventeenth, Nineteenth, Twentieth, Twenty First, and Twenty Second affirmative defenses, as well as the catch-all "Further Defenses," from Defendants Lingo and Petersilge's Answer.

Respectfully submitted,

**ANDREWS LAW FIRM**
822 North Monroe Street
Tallahassee, Florida 32303
T: (850) 681-6416 / F: 681-6984

***/s/ John M. Vernaglia***
JOHN M. VERNAGLIA (FBN 1010637)
RYAN J. ANDREWS (FBN 0104703)
DAVID A. WEISZ (FBN 1023229)
john@andrewslaw.com
ryan@andrewslaw.com
david@andrewslaw.com
service@andrewslaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF CONFERRAL

Pursuant to Rule 3.01(g) of the Local Rules of the Middle District of Florida, the undersigned has conferred with counsel for Defendants Lingo and Petersilge and reports that Plaintiff's counsel has conferred with Defendants' counsel several times over the last seven (7) days on the contents of the foregoing Motion to Strike but has not yet received Defendants' final position by the time of this filing.

*/s/ John M. Vernaglia*
JOHN M. VERNAGLIA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of August 2021, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ John M. Vernaglia*
JOHN M. VERNAGLIA